**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHARLES E. FOSTER, JR.,                )
ADC # 147301                           )
    Plaintiff,                         )          **Case No. 5:12-CV-00173 BSM-JTK**
                                       )
v.                                     )
                                       )
RAY HOBBS, Director, Arkansas Department of )
Correction                             )
    Defendant.                         )

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Petitioner Charles E. Foster, Jr. on May 16, 2012 (Doc. No. 1). A response was filed by Respondent Ray Hobbs on June 22, 2012 (Doc. No. 11), and Petitioner replied on August 15, 2012 (Doc. No. 13). After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On April 12, 2010, Petitioner was convicted of aggravated robbery by a jury in the Faulkner County (Arkansas) Circuit Court.  He was sentenced to twenty-two and one-half years' imprisonment in the Arkansas Department of Correction.

Petitioner appealed his conviction to the Arkansas Court of Appeals, arguing that 1) there was insufficient evidence to support his conviction, 2) he received ineffective assistance of counsel, and 3) his confession was coerced.  However, these issues were not preserved for

appeal, and the conviction was affirmed in an opinion issued January 19, 2011. *Foster v. State*, 2011 Ark. App. 38.

On September 27, 2010, Petitioner filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, arguing that 1) his confession was coerced, 2) his Fifth Amendment privilege against self-incrimination was violated, and 3) he was denied a fair and impartial trial.[1] That petition was denied on May 18, 2011. Petitioner's subsequent attempt to appeal was dismissed as untimely by the Arkansas Supreme Court on August 22, 2011. (Resp. Ex. C, Doc. No. 11)

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that 1) his confession was coerced, 2) his Fifth Amendment rights against self-incrimination were violated, 3) he was denied a fair and impartial trial, and 4) he was denied due process. The merits of these arguments will not be addressed because they are procedurally defaulted.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners

---

[1] Petitioner also seemed to blend claims of ineffective assistance of counsel into these arguments.

must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

As noted above, Petitioner failed to preserve these issues for direct appeal, and his Rule 37 petition was not properly filed. Thus, he failed to invoke "one complete round of the State's established appellate review process," and his arguments are procedurally defaulted. *O'Sullivan*, 526 U.S. at 845.

Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch*, 616 F.3d at 760 (internal citations omitted).

Petitioner does appear to contend that he is actually innocent, but "[t]o fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). He has not offered any new evidence. Thus, Petitioner failed to properly exhaust his remedies, and his procedural default prevents any federal consideration of his claims.

### Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 2nd day of May, 2012.

_____
United States Magistrate Judge